IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HECTOR CIRINO,

                Petitioner,

v.

MATTHEW MARSKE,

                Respondent.

OPINION and ORDER

20-cv-939-jdp

---

Hector Cirino, appearing pro se, is a prisoner at the Federal Correctional Institution in Oxford, Wisconsin. Cirino has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. He was convicted in 2003 of two counts of armed bank robbery, 18 U.S.C. § 2113(a) and (d), and one count of using or carrying a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c). Cirino challenges his conviction under § 924(c) on the ground that his bank robbery convictions are no longer crimes of violence under *United States v. Davis*, 139 S. Ct. 2319 (2019), in which the United States Supreme Court held that the "residual clause" of the provision defining crimes of violence, § 924(c)(3)(B), is unconstitutionally vague.

The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which the court may apply to Section 2241 petitions. *See* Rule 1(b), Rules Governing Section 2254 Cases. Under Rule 4, a district court will dismiss the petition only if it plainly appears that the petitioner is not entitled to relief. I will dismiss the petition because binding precedent forecloses Cirino's claim.

Federal prisoners generally must challenge their convictions under 28 U.S.C. § 2255 in the district court in which they were convicted. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). Cirino has already unsuccessfully challenged his conviction on similar grounds using

§ 2255. *United States v. Tellez*, No. 202CR00279JADVCF, 2017 WL 2192975, at *1 (D. Nev. May 18, 2017) (denying § 2255 motion on ground that Cirino's federal bank robbery conviction qualifies as crime of violence), *aff'd*, 744 F. App'x 528 (9th Cir. 2018). If § 2255 is "inadequate or ineffective to test the legality of his detention," a prisoner may instead challenge the conviction under § 2241. *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). To invoke the § 2255(e) savings clause and proceed under § 2241, a petitioner must: (1) be relying on a new case of statutory interpretation; (2) show that the new rule applies retroactively and could not have been invoked in the first § 2255 motion; and (3) show that the error is "grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Light v. Caraway*, 761 F.3d 809, 812–14 (7th Cir. 2014); *In Re Davenport*, 147 F.3d 605, 611–12 (7th Cir. 1998).

Cirino's petition does not meet this standard because his conviction was not a miscarriage of justice. The courts of appeals for both the Seventh and Ninth Circuits have concluded that federal armed bank robbery qualifies as a crime of violence under the "elements clause" of the crime-of-violence definition, § 924(c), because § 2113(a) defines bank robbery as taking or attempting to obtain property or money bank custody "by force and violence, or by intimidation." *See, e.g.*, *United States v. Williams*, 864 F.3d 826, 830 (7th Cir. 2017) (federal bank robbery under § 2113(a) is crime of violence under "elements clause" of § 924(c)(3)(A)); *United States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2018) ("[A]rmed bank robbery under § 2113(a) and (d) qualifies as a crime of violence under § 924(c)."). Cirino's § 924(c) conviction does not depend on the unconstitutionally vague residual clause in § 924(c)(3)(B), so he is not entitled to relief under § 2241.

2

Under Rule 11 of the Rules Governing Section 2254 Cases (which can be applied to cases under § 2241 as well), the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Cirino has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

ORDER

IT IS ORDERED that:

1. Petitioner Hector Cirino's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

2. Cirino is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

3. The clerk of court is directed to enter judgment and close this case.

Entered June 29, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge