IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HECTOR CIRINO,

                Petitioner,

v.

MATTHEW MARSKE,

                Respondent.

ORDER

20-cv-939-jdp

---

On June 30, 2021, I dismissed Hector Cirino's petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 4. Cirino was convicted in 2003 of two counts of armed bank robbery, 18 U.S.C. § 2113(a) and (d), and one count of using or carrying a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c). Cirino challenged his conviction under § 924(c) on the ground that his bank robbery convictions were no longer crimes of violence under *United States v. Davis*, 139 S. Ct. 2319 (2019), in which the United States Supreme Court held that the "residual clause" of the provision defining crimes of violence, § 924(c)(3)(B), is unconstitutionally vague. I dismissed Cirino's petition because the courts of appeals for both the Seventh and Ninth Circuits (Cirino's conviction was in the District of Nevada) have concluded that federal armed bank robbery qualifies as a crime of violence under the "elements clause" of the crime-of-violence definition, § 924(c)(3)(A): section 2113(a) defines bank robbery as taking or attempting to obtain property or money bank custody "by force and violence, or by intimidation." Dkt. 4, at 2.

Cirino has responded with a filing he calls a motion for additional findings under Federal Rule of Civil Procedure 52(b), Dkt. 6, but because he argues that I erred in my legal analysis, I will treat his motion as one to alter or amend the judgment under Federal Rule of

Civil Procedure 59(e). Regardless of the motion's label, I will deny it because Cirino fails to show that my analysis was incorrect. Cirino argues that, using the categorical approach as *Davis* requires, his armed bank robbery conviction doesn't count as a crime of violence under the elements clause of the crime-of-violence definition because (1) the "the term 'intimidation' can be satisfied in a manner that does not require physical force"; and (2) the crime can be committed recklessly, which would disqualify that offense as a crime of violence under the elements clause. Dkt. 6, at 2.

Cirino is incorrect on both points. He does not point to any authority supporting either of his arguments. Rather, the courts of appeals for both the Seventh and Ninth Circuits have concluded that robbery by intimidation satisfies the elements clause of 924(c)(3) or analogous provisions. *United States v. Armour*, 840 F.3d 904, 909 (7th Cir. 2016), as amended (June 26, 2017) ("Intimidation means the threat of force."); *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990) (robbery by intimidation qualifies as crime of violence under elements clause of analogous sentencing guidelines). And courts have rejected the argument that reckless behavior could violate the federal armed bank robbery statute. *United States v. Watson*, No. 14-00751-01 DKW, 2016 WL 866298, at *7 (D. Haw. Mar. 2, 2016) (rejecting argument that "a defendant can be convicted under Section 2113(a) and (d) without purposefully doing anything."); *United States v. Mitchell*, 2015 WL 7283132, at *3 (E.D. Wis. Nov. 17, 2015) ("Section 2113(a) may be a general intent statute, but taking money by force, violence or intimidation involves a higher degree of culpability than accidental, negligent, or reckless conduct.").

ORDER

IT IS ORDERED that petitioner Hector Cirino's motion to alter or amend the judgment, Dkt. 6, is DENIED.

Entered August 4, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge